You may be seated, and the court can call the next case. 3-14-0435, people of the state of Illinois affected by Darien and Mitch v. Hillary Hawkins, appealed by Joel Wessel. Mr. Wessel, you may proceed. May I please the court, counsel? My name is Joel Wessel, I'm with the Office of the State Appellate Defender, and I represent Clarice Hawkins. This case concerns the second stage dismissal of Ms. Hawkins' pro se petition. And this case comes before this court today for one reason. Because Mr. Tomschietz, post-conviction counsel, failed to amend Ms. Hawkins' post-conviction petition and failed to offer any argument at the second stage hearing, which rendered his representation unreasonable. Ms. Hawkins' 14-issue pro se petition was dismissed by the trial court for a multitude of reasons. Waiver, fail to specify a claim, fail to explain exactly how or why she was prejudiced, failure to attach supporting documentation, and the court also noted how the pro se petition was not very well developed in terms of explanation, and how the supporting documentation was all undated and from unspecified sources. These deficiencies could have been remedied by Mr. Schietz if he had simply fulfilled the duties required under Rule 651C and amended the petition in appropriate legal form. He could have added allegations of appellate counsel's ineffectiveness, explained how or why Ms. Hawkins was prejudiced. When he was asked, he said that after reviewing the petition, it is very well written, lays forth a number of and articulates a number of claims that she makes regarding trial counsel, is well supported, and I believe it should be given every consideration. Thank you very much. Yes, that was the entirety of his representation. And he stood on the pro se petition? He did. And the trial court found it to be deficient for numerous reasons. And what's also important to note is this was a near 200-page pro se petition, and the court noted that this was undated from unspecified sources. At the very minimum, counsel should have taken this petition, labeled this, and made this a workable, usable document for the trial court to use when evaluating whether or not Ms. Hawkins' claims had any merit. But for numerous reasons, as I specified, Mr. Schietz did not do so. And by doing so, he rendered his representation unreasonable. This case is controlled by our Supreme Court's decision in People v. Turner, which established a bright-line rule that where counsel does essentially nothing and where the pro se petition is deficient, the cause must be remanded, and counsel must be instructed to comply with Rule 651C. Well, you know, I have a question. There was the trial court issued a 16-page ruling. Yes. Sort of a blow-by-blow count on each thing. In light of what the trial judge, as he went step-by-step, what else could be – how can you amend it to mean anything? Well, that's essentially what we're dealing with. Yeah. You know, going through each and every one of the counts, the trial court goes through why it can't be supported. But the trial court – Very specifically. I'm sorry. Very specifically, right? So how do you amend that? Well, it was only specific as to Ms. Hawkins' pro se deficient petition. Counsel did not look into this, did not do what he should have done. He did not amend it into appropriate legal form, rendering it deficient. The state – this court's decision was without the input of trained legal counsel, whose duty at this stage, unless in this case it's a formality because counsel did nothing. And this case is – But here's my point. In face of this, what could counsel – what can counsel do now? And that's where Turner is instructive. It instructs appellate courts, reviewing courts to not speculate as to what the trial court would have done had counsel adequately performed his duties. And without speculating, it must be remanded so counsel can adequately perform under Rule 651C. Turner is clear about that. If counsel did not believe, as the state also argues, that he could have properly amended the petition, he should have withdrawn his representation. He was under an ethical duty to do so if he believed that there was nothing of merit in Ms. Hawkins' petition. But by standing on her deficient petition, he telegraphed to the court that this contained merit. But in failing to amend this into any appropriate legal form, his representation was unreasonable. Turner best – But let's talk about that procedure. You say counsel should have withdrawn. Yes. Okay. And so to properly withdraw from the case, you must appear before the court and give reasons, right? Mm-hmm. And what would those reasons be? If he believed that he could not ethically represent this petition, he should have – he should have withdrawn from the case and just explained that he could not represent Ms. Hawkins as counsel and allowed her to either seek private counsel or proceed by herself, proceed pro se. But because counsel stood on this deficient pro se petition, he rendered unreasonable representation. This is an unwieldy 200-page document full of undated transcript pages, undated records that may support this case, but we don't know because counsel did not do his job. And there are numerous things that counsel could have done. He could have explained why she was prejudiced. He could have specified her claims. And I believe it's the very last issue that she raises, issue 14. The trial court noted that it was unsupported by any supporting documentation. That's another obligation for post-conviction counsel is to appropriately support her claims. And this is what he didn't do time and time again by just standing on this petition. Turner is directly on point. And under Turner, this court cannot speculate as to what the trial court would have done had counsel adequately performed his duties. Turner best describes what happened in this case as a total failure of representation. And representation in name only. Post-conviction counsel did essentially nothing. Again, there may be a great claim in this petition. There may be. But because post-conviction counsel did not do his job, it's impossible to know. And that's why this court should remand and order Mr. Tom Schietz to comply with Rule 651C and present Ms. Hawkins' petition in appropriate legal form. Are there any further questions, Your Honors? Thank you. Thank you, Mr. Russell. Mr. Koninovic? May it please the Court, counsel? There are three points with respect to second-stage dismissal post-conviction. Point number one is whenever post-conviction counsel files a certificate, there is a rebuttal presumption that arises that counsel provided a reasonable level of assistance. That's point number one. There's a presumption. Number two, it is the defendant's burden to overcome this presumption by demonstrating that counsel failed to substantially comply with the duties required by the rule. And number three, to prove inadequate representation of post-conviction counsel, defendant must show that the unamended petition could have been amended to state a case on which post-conviction relief could be granted. Because at the second stage, we look at the substantive allegations, we compare those allegations against the record and against the evidence, and we determine whether or not the allegations, if proven to be true, establish a violation of the defendant's constitutional rights in some way, shape, or form. Now, what is interesting here is kind of a combination of things. What counsel argued is the fact that, well, if Mr. Sheets here didn't think there was any merit to the petition, he had to withdraw. The question I have is, is counsel's action of not amending the petition his determination on the merit of the petition? Determining the merit of the petition by counsel is something that he really can't do. Because the determination of the merits of the petition usually lies with the court. What counsel can do is counsel looks at the allegations and tries to determine if there's anything more that can be done with respect to supporting that, changing that, doing something to somehow present those allegations to the court in the best possible light. If there's nothing that can be done, nothing further that can be amended, nothing further that can be said, nothing further that can be added, doesn't mean that counsel believes that there's no merit to the petition. There's just nothing more he can do. But would that include not getting the affidavits, not putting page numbers and citations to the record that are there? I know you don't have to look for new issues, but if something is presented, since the allegation, then is it a reasonable standard that you go out and you put that in the right legal form? That would be true. And in this case, I have no idea what counsel Sheen was thinking, what he was doing, how he viewed it. But in viewing the allegations as he saw them with the pages of the record, he made the determination that basically these allegations were adequately supported. Now, in this case, and one of the things that I think somewhat separates this case from what counsel talked about with respect to, I think it was Turner, with respect to counsel does nothing, then the problem was in that Supreme Court case, the trial judge simply said, hey, look, all these allegations, all these things that could have been raised, forfeit. Didn't look anything behind forfeiture. When a simple allegation that, well, these allegations could have been potentially salvaged, or at least it could have been more of an in-depth look at them, had counsel filed an amendment saying, well, public counsel is ineffective because these issues should have been raised because of, et cetera, et cetera. That's not the situation here. There's no allegation of ineffective assistance of public counsel that could have worked here. Because in this case, what the trial judge did is, besides just simply saying, well, they're forfeited because they could have been raised around the record, when I look at the allegations substantively and I compare these allegations to what is in the record, then these allegations even warrant a third stage evidentiary hearing because even if shown, it's not going to entitle the defendant to any kind of relief. Well, in Turner, it's more than just that. In Turner, the Supreme Court found that the trial counsel failed to amend the petition to avoid procedural bars and, and this is key, present evidentiary support. And the failure to do that, the evidentiary support, was the thing that was unreasonable and fell below the level of assistance required in this case. True. But in Turner, what did the trial judge basically rule? I mean, because of the fact of the failure to make these simple allegations, because I know the Supreme Court's really focused on that at first, really said that the simple allegation of ineffective assistance of public counsel would have precluded forfeiture and would have required something more, would have required the affidavits, would have required the evidence. The trial judge just basically relied upon it on forfeiture and let it go. That's not what happened here. Even though the trial judge did in his... Well, the Supreme Court didn't let it go on that basis. Not solely, no. No, the Supreme Court said, you know, did not fail to consult with, you know, with the petitioner to ascertain the contentions, even though he only met once with him. The problem was this other problem. Right. The amendment problem, which is why you've been here. Which gets me... That gets me into the second phase of what the trial judge did here, which is he looked substantively at the allegations. And when you look at the various allegations that were made, most of the allegations all deal with trial tactics. They all deal with what counsel... how counsel didn't want... allow the defendant to prove guilty to a gun charge. A couple of the issues here were already raised on direct appeal and are already decided or raised through the cutout. When you look at the allegations, there's nothing there that counsel could have done. There's nothing that could have been added, nothing that could have been supplied. Well, when you go down the 16-page document order from the trial court, like on the first thing it says in this, she fails to articulate how or why the fear to present her mental health conditions would have supported her case. In other words, not an adequate explanation of the claim made. And that's sort of repeated through section by section of the trial court. The way I read it was the fact of... even with the medical history, it's not exoneration. Basically, even if counsel had presented the medical history, it wouldn't make any difference in the outcome because it's not exonerated. The trial judge said with respect to that it was not exonerating trial tactics. With respect to not allowing to prove guilty, trial tactics. Failure to adequately question witnesses, trial tactics, because counsel determines on what questions to ask and what not to ask. Are you a defendant and addict, prescription drugs? Once again, not exculpatory. And plus on top of that, you've got the problem with the fact that the trial judge points out time and time again this case is complete with cocaine usage and cocaine addiction. Basically using addiction as opposed to... since she had a prescription drug problem, the addiction was more of an indication of being, if you will, driven by the drug as opposed to a voluntary act. My point simply is in going through all of this, you can see that the trial judge did what the trial judge was supposed to do with the petition. Now, it's the defendant's burden. That was the third thing I said. It's the defendant's burden in this case to take and show that the unamended petition could have been amended. Now, I argue that in my brief. In the reply brief, what I get back is and what counsel said here, well, your honors, you're not supposed to be able to speculate as to what could have been done with an unamended petition. No, no, no, no. I'm not asking this court to speculate what could be done with an unamended petition. What I'm saying is where is there something here that has been shown that could have been amended had counsel supposedly, a post-conviction counsel, supplied the adequate representation. What allegation is here that could have been amended that he didn't amend that would require reversal and send back the same evidence? You know, here, and I mentioned this before, the trial counsel said they reviewed, complied with the rule, reviewed the pro se petition. They said it's well written and it lays forth a number, articulates a number of claims that she makes regarding trial counsel. It is well supported, you know, and should be given every consideration. And yet the trial court, in contrary to that, says that the pro se petition is not well developed in terms of explanation. I mean, sometimes you can just take the petition the way it is and put it in better explanatory terms, correct? Correct. And that happens a lot. That does happen quite a lot. Because the trial court does not understand the explanations here. I mean, you know, and you can see that in the 16-page document. Except for the fact that he takes the allegations, irrespective of the explanation, he looks at the allegations and he judges the allegations against the what? Would it be against the explanation or would it be against the record? You can take and explain in this case. What is Clarence Hawkins basically saying? She's basically saying all of these things, you know, should have asked certain questions. My constitutional rights in search and seizure were violated because my husband didn't sign a consent form. Well, let's look at that example, the questions. In defendant's petition, she fails to specify what questions she believes counsel should have asked, fails to allege what answers or responses those questions would have elicited, and fails to explain how and would have changed the result of the trial. Right. That's in page 5 and 6. And then it goes on and says what? Clarence has failed to make a substantial showing of violation of defense constitutional rights of counsel. But would not the trial judge also take and specifically specify that in establishing ineffective assistance of counsel, that basically questioning or what questions to ask are matters of trial tactics. And this is the number of everything is that basically everything that is here, most of this is all basically trial tactics that, by and large, in considering the record as developed, the record that was there, and the issues that were presented and the defense that was presented, nothing is going to be able to be added to this to be able to change that. And I guess that's the part where I have a problem with simply saying counsel didn't do anything, therefore I'm entitled to a new hearing, when the responsibility is to establish that something could have been amended that would have warranted a third stage evidential hearing. There's nothing in here that says that. And that's the great difficulty that I have with dealing with such a generalized attack upon a 651C certificate that carries with it the presumption that counsel did what he said he did. And I agree with that. You know, there are many cases where I have been on panels or been the author where we affirmed a dismissal just before the second, you know, like this. Okay, because what else is counsel supposed to do? Is there a difference between that kind of case where what's presented, you know, if you don't have a right to have PCs, we create it. But is there a difference between not being able to change anything that was presented because it says what it says and you can't add anything else and one that fails to really explain what they're trying to get at and you could have developed the explanation a little bit better. Is there a difference between those two kinds of things? Because the attorney court tells us we can't speculate, right? True. And they say we can't say, you know, I looked at this and we don't know. You know, when you look at the, you have to admit that the original document that was not amended is not so great on explanations, is it? It's sort of a hodgepodge of... It's not a bit on explanations. I think you'd have to admit it's big on detail. It's big on detail and conclusions, but there's that middle part that's missing, the explanatory aspect of it. How do the details lead to the conclusion? I'm sorry? How do the details lead to the conclusion? What's that middle ground there? Well, the details lead to the conclusion because what you're basically saying is, and I'm just going to take and use the motion to suppress. It basically says my constitutional rights were violated because... Counsel's two minutes. Because there's no consent form by my husband. So there's no detail about, okay, the fact that what was searched for, was anything obtained, what had been taken fine, what had been taken due, and what all happened, but it's just my constitutional rights were violated and I was prejudiced as a result of that. Well, the prejudice as a result of that is the fact that something was taken, something was obtained, something happened that basically was used against me at the trial that went to my conviction, that without it I wouldn't get it. Now, that can all be, I think, I think that can all be safely deduced from the allegation that my constitutional rights were violated, regardless of whether or not legally it is a correct proposition, whether there's merit to that. The point is, does that adequately allege enough facts to take and state exactly what the complaint is and what the prejudice is? I think it does. And I think all of these allegations, by and large, do. And that, again, is where I take issue with defense counsel on not asking the court to speculate, just asking the court to take a look at what's there and compare it to the record and you can make that determination as to whether or not this petition was legally sufficient at the second stage to warrant a third-stage hearing. Any other questions? I'll be happy to answer. I guess it is sort of odd that the defense counsel says this is well-articulated and explained and you get a trial judge saying, well, these aren't good determinations. With all due respect, I've said a lot of things, too, that the court has disagreed with in very explicit terms. Thank you, Ms. Russell. Thank you. Thank you. Thank you. Mr. Russell? I'm not asking this court not to speculate. Turner asked this court not to speculate. As regarding the rebuttable presumption. Well, you are asking us to do that based on Turner. Based on Turner, yes. That is clearly rebutted by the record. There are at least four different things that counsel could have done to shore up this petition. Allege appellate counsel's ineffectiveness. Explain why Ms. Hawkins was prejudiced. Go into more detail with the cross-examination questions. We don't know what questions she wanted asked. That was counsel's duty to talk to her and find that out. We don't know exactly what her contention was with her Fourth Amendment violation. See, isn't that the point your opponent is making? You know, when you go down everything that's propped in that 16-page order. That's pretty detailed, isn't it? Yes, but it's only detailed to Ms. Hawkins' deficient petition where we don't know what questions she wanted asked, where we don't know why she believed her Fourth Amendment rights were violated. That is counsel's duty at this stage and why he is appointed to shore that up. Is it a suggestion made by your opponent that when you read the order from the trial judge, the trial judge is saying why there's really nothing else there? But the trial judge doesn't know what questions Ms. Hawkins wanted asked. He doesn't know why her Fourth Amendment rights she believed were violated. Counsel only had one 15-minute conversation with Ms. Hawkins. That's it. She wrote this in a letter she complained to the trial court. A 15-minute conversation to go over a 200-page document that raised 14 issues. He didn't get what questions she wanted on cross-examination. He did not ask how her rights were violated. The trial courts, we want to look at the substantive allegations when counsel has done his job. And according to People v. Turner, when counsel has done essentially nothing, this court cannot speculate. It must only remand and order the trial court to take a good look at Ms. Hawkins' petition and do his job. Thank you, Your Honors. Thank you, Mr. Russell. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. We will stand recess until tomorrow at 9 a.m.